## JAMES PAXTON

*v.*

## GEORGE W. BOYER.

1. TRESPASS FOR ASSAULT AND BATTERY—*where trespass was committed on innocent party under belief that it was necessary to self-defense.* Where a person is assaulted and felled to the floor by violence, and in the difficulty strikes an innocent party without malice and under circumstances which would have led a reasonable man to believe it was necessary to his proper self-defense, he will not be liable, either civilly or criminally, for the injury so inflicted by him upon such unoffending party.

2. SAME—*burden of proof.* A person is not liable for an unintentional injury resulting from a lawful act, such as exercising his right of self-defense when attacked, where neither negligence nor folly is imputable to him, and the burden of proving the negligence or folly, when the act is lawful, is upon the plaintiff.

3. SAME—*proof to sustain action.* The rule is well established that, in an action for assault and battery, the plaintiff must be prepared with evidence to show, either that the intention was unlawful, or that the defendant was in fault.

4. SAME—*when the intent becomes material.* The motive, intent or design of the wrongdoer towards the plaintiff is not the criterion as to the form of the remedy, for, where the act occasioning the injury is unlawful, the intent of the wrongdoer is immaterial; but where the party inflicting the injury is no wrongdoer, but is exercising a right or doing a lawful act, and injury results to another, then the intent becomes material, as also the question of reasonable care.

5. SAME—*effect of special verdict.* In an action of trespass for an assault and battery, the jury found the defendant guilty, and assessed the plaintiff's damages at $450, and further found in their verdict that, from the evidence, the blow complained of was struck by the defendant without malice and under circumstances which would have led a reasonable man to believe it was necessary to his proper self-defense: *Held,* that the defendant was entitled to a judgment in his favor on the special verdict.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of trespass, brought by George W. Boyer against James Paxton, for an assault and battery committed upon his person by the defendant.

The declaration was in the usual form. The defendant pleaded the general issue, with which was filed a stipulation that all matters might be given in evidence that could be specially pleaded. A trial was had, and the jury returned the following verdict:

"We, the jury, find the defendant guilty, and assess the plaintiff's damages at $450. We, the jury, find, from the evidence, that the blow complained of was struck by the defendant without malice, and under circumstances which would have led a reasonable man to believe it was necessary to his proper self-defense."

It appeared that the plaintiff's brother and defendant, at the time of the infliction of the injury, had a difficulty, and that defendant was knocked down on the floor. On rising, he struck the plaintiff with a knife, inflicting a wound in his arm. The defendant testified that he thought it was the brother who had knocked him down, and that the plaintiff had hold of him when he got up.

Mr. R. N. BISHOP, for the appellant.

Mr. JAMES A. EADS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an action of trespass assault and battery, and verdict for the plaintiff for four hundred and fifty dollars damages. The jury further found this special verdict: That, from the evidence, the blow complained of was struck by the defendant without malice, and under circumstances which would have led a reasonable man to believe it was necessary to his proper self-defense. This verdict was found under the instruction of the court, that the jury might, in addition to a general verdict, find a special verdict embracing this proposition, or its converse, as permitted by the act of February 22, 1872, section 51.

The testimony shows the trespass was committed by the defendant against an unoffending party—against one who had given no cause or provocation of any kind.

The defendant asked this instruction, which was refused:

"The defendant can not be found guilty, in an action of this kind, unless, in inflicting the injury complained of, he has been guilty of some wrong, evil intent or want of care; and if you find, from the evidence, he struck the blow without any fault, you will find for the defendant."

On coming in of the verdict, the defendant moved for judgment on the special verdict, which the court denied. This is the first point made by appellant. He insists judgment should have been rendered for the defendant upon the special verdict, as that ignores malice and unlawful intent, and finds that the act was done under circumstances which would have led a reasonable man to believe it was necessary to his proper self-defense.

Appellant's theory is, that he mistook plaintiff for his brother, with whom he was in conflict, and who had felled him to the floor by violence.

The court, for the plaintiff, instructed the jury that it was no defense, so far as actual damages are concerned, that the

defendant had been violently assaulted by persons other than the plaintiff, or was then being assaulted by such other persons, or that he may have honestly believed he was striking Peter Boyer when he struck the plaintiff, or that he may have honestly believed it was necessary for his self-defense to assault the plaintiff, if the jury find, from the evidence, that the plaintiff was not a party to such assault upon the defendant; such evidence of mistake of facts, or good intentions on the part of the defendant, can only be considered in this case by the jury as a defense against the infliction by the jury of vindictive damages, and not as a defense against such actual damages as the evidence may show the plaintiff has suffered from such assault, or as naturally resulted from such assault.

These instructions involve the merits of this controversy.

Appellant relies, in support of his theory, upon *Morris* v. *Platt*, 32 Conn. 75, and *Brown* v. *Kendall*, 6 Cushing, 292. These cases are fully discussed, and sustain appellant. The facts in both cases are similar to those in this case, and were actions of assault and battery. The principle is announced in those cases, that a person is not liable for an unintentional injury resulting from a lawful act, where neither negligence nor folly is imputable to him who does the act, and that the burden of proving the negligence or folly, where the act is lawful, is upon the plaintiff.

This cause was tried on the general issue, with leave to give all matters in evidence which could be specially pleaded. That the plea of self-defense could have been pleaded is not questioned; in fact, the plaintiff, in his second instruction, so put it to the jury, and they, by their special finding, have said the act was done in necessary self-defense, or under circumstances which would have led a reasonable man to believe it was necessary to his proper self-defense. This finding was not excepted to by the plaintiff, nor did he object that the jury should be instructed on that point. It, therefore, stands as the verdict of the jury, that there was no malice in the act,

and that it was done in necessary self-defense. This brings the case within those relied on by appellant, *supra.*

Can it be a question that, for an act done under such circumstances, the party doing the act is liable either *civiliter* or *criminaliter?* The rule is well established that, in an action of assault and battery, the plaintiff must be prepared with evidence to show, either that the intention was unlawful, or that the defendant was in fault. • 2 Greenleaf on Ev. sec. 85.

The jury, by their special finding, have ignored the unlawful intention, and have said the defendant was not in fault. On what principle, then, can he be made chargeable? If a person, doing a lawful act in a lawful manner, with all due care and circumspection, happens to kill another, without any intention of doing so, he is not liable criminally. How, then, can it be said he shall be responsible in a civil case, when, in doing a lawful act with due care, and an injury happens, he shall be deemed in fault, and mulcted in damages?

It is said by appellee the rule is different in civil cases; that the motive, (quoting from Chitty,) intent or design of the wrongdoer towards the plaintiff is not the criterion as to the form of the remedy, for when the act occasioning the injury is unlawful, the intent of the wrongdoer is immaterial; but appellant here is no wrongdoer, as the jury have said by the special verdict.

We do not deny the principle contended for by appellee, that, where a tort is done, intention is no element to be considered. The special verdict out of the way, we should not have much difficulty in coming to the conclusion appellee's counsel have reached, but, with that at the threshhold of the case, we are unable to see the force of them.

The authority cited from 2 Greenleaf Ev. sec. 94, by appellee, keeping the special verdict all the time in view, is decisive of the question. It finds, substantially, appellant "free from fault," and therefore not responsible.

The special finding must override the general verdict, because both can not stand, there being such an irreconcilable

antagonism, and this is the provision of section 51, *supra*. It may be answered to the argument of appellee, that he was assaulted while in the enjoyment of a legal right which he had not forfeited by any act of his; that the jury have found the act done by appellant was done in the exercise of his legal right, without any design to injure appellee.

We have thought much on this case, and are constrained to hold, on the authority of *Morris* v. *Platt*, and *Brown* v. *Kendall*, *supra*, and on principle, that judgment should have been pronounced for the defendant on the special verdict, for that justified him. This renders it unnecessary to consider any other question made on the record.

The judgment must be reversed, and the cause remanded, with directions to enter judgment for the defendant on the special verdict.

*Judgment reversed.*