Coös,
May 6, 1919.

EDMOND FORTIER *v.* CHARLES G. STONE, & a.

If a requested instruction ought to have been given as matter of law, the error is presumably harmful and will vitiate the verdict.

The submission to the jury of an issue not in the case is reversible error.

In trespass *vi et armis*, the general issue with a special plea that the injury was accidental does not permit the defendant to set up self-defence without a special plea of *son assault demesne* and without such plea a submission to the jury of the issue of self-defence is reversible error.

In trespass *vi et armis* the defendant is liable for the direct consequences of his act whether the resulting injury was intended or due to negligence.

TRESPASS, to the person. Trial by jury and verdict for the defendants.

The defendant Stone is a detective and was employed by the defendant company to protect its property at Groveton during a strike, and Moore is the company's superintendent. The act complained of as an assault was Stone's discharging a revolver, the bullet striking the plaintiff. An encounter between the plaintiff and one Mortimer, a guard employed by the company, was in progress. Stone claimed that he shot to summon help, that the bullet struck the ground, glanced, and hit the plaintiff. There was also evidence in the cross-examination of witnesses for the plaintiff that Stone intentionally shot the plaintiff, and that such shooting was a reasonable measure

of defence for Stone and the assaulted guard. The plaintiff sought to hold the other defendants responsible for the shooting by Stone.

The defendants pleaded the general issue, and filed a special plea, setting out the fracas and Stone's attempt to quell it and that "to save himself from serious bodily injury and because he was about to be assaulted by one of plaintiff's confederates who was approaching him in a threatening manner with a dangerous weapon in his hand, the defendant fired two shots from a pistol to summon the assistance of other officers and to frighten his assailants, one of which shots by accident and without intent on the part of the defendant glanced from the ground and hit the plaintiff's leg, which is the assault and shooting complained of in the plaintiff's declaration."

The jury were instructed in part as follows: "But if, on the other hand, you are convinced that Mr. Stone is right in his contention that Mortimer was being assaulted, then we come to the question of the right of one person to come to the assistance of another who is being dangerously assaulted; and as to that, I instruct you that the law recognizes the right of another to render whatever assistance is reasonably necessary to one who is being unlawfully assaulted, in order to prevent him from being further injured. . . . Whatever would be reasonable for the assaulted party to do for his own protection is competent evidence of what is reasonable for the rescuing party to do.

So too, it is competent to consider what resistance is made against the effort to rescue, and whether the assailants turn upon the rescuer and resist his efforts even to the point of assaulting him. When that occurs, the right of self-defence applies, and he may use any force or means which are apparently reasonably necessary under the exigencies that are presented by the extension of the assault to him, for his own protection. . . . So that if you find when Mr. Stone came upon the scene he found Mortimer in apparent danger, and under such emergency went to the latter's rescue, you will consider what, from all the circumstances which then faced him, would be apparently reasonably necessary for him to do in an effort to rescue Mortimer from danger; and if in such effort he in turn was met by assault, then what under the added exigency was apparently necessary for him to do to reasonably defend himself. And whatever you determine would be reasonable he was entitled to do as a matter of legal right; and such conduct would not constitute a wrongful assault

and battery, no matter what the consequences were, even if it re-sulted in death. That may involve the determination of Mr. Stone's purpose in firing his revolver. Did he fire for the purpose of hitting the plaintiff Fortier, or did he fire in order to get help? Of that fact you are the sole judges.

So that, gentlemen, you will consider on the question of the liability of captain Stone the whole situation as claimed by the one side and the other; and when you have agreed as to what actually occurred, you will then determine whether or not he is personally liable under the rules of law that I have stated to you. If you are convinced that the plaintiff's contention is more probably true than otherwise, then you will render a verdict holding Mr. Stone liable. If, on the other hand, you feel that Mr. Stone's contentions are more probably true than the plaintiff's, or as equally true as those of the plaintiff, then you will render a verdict in favor of Mr. Stone."

Following the foregoing, the jury were instructed as to the liability of Moore and the company for Stone's acts, and the charge concluded as follows: "Such is the test of liability which you will apply if you reach the duty of determining the liability or non-liability of the Odell Company. Bear in mind that it is your first duty in this case to determine the question of liability or non-liability of Mr. Stone. If he is not liable then the other defendants are not liable. If he is liable, then the liability or non-liability of the two other defendants will be determined separately by you by applying the rules of law which I have given you as applicable to them respectively.

On all these issues the burden of proof of which I have spoken rests upon the plaintiff. If your verdict is for the defendants, you will have no further duty to perform except to return a verdict in favor of all three of them. If your verdict clears Mr. Stone you will return a verdict clearing all the defendants."

The plaintiff excepted "to so much of the charge as told the jury that the burden of proof was on the plaintiff to establish that there was no justification," to so much of the charge as told the jury that "whether the defendant Stone acted in self defence if he wantonly or deliberately shot the plaintiff is an issue," and to the refusal to give requested instructions to the effect that if Stone shot the plaintiff intentionally or wantonly the defendant was liable. In support of his objections counsel urged that the issue of self-defence was not raised by the plea.

Transferred from the December term, 1917, of the superior court by *Sawyer*, J.

*Robert W. Upton* and *Ovide J. Coulombe* (*Mr. Upton* orally), for. the plaintiff.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the defendants.

PARSONS, C. J.   This suit arises out of a personal encounter in the streets of Groveton July 3, 1917, between guards employed by the Odell Manufacturing Company for the protection of its property and certain of its former employees.   The evidence appears to have been voluminous but in the course of the trial the controversy was brought to a narrow issue.   The jury were instructed without exception or objection that recovery could be had against none of the defendants unless the defendant Stone was first found liable and that the only assault and battery for which recovery could be had against Stone was the infliction of a wound by a bullet from a revolver fired by Stone.   The plaintiff claimed and his evidence tended to show that Stone intentionally fired at the plaintiff thereby causing the injury complained of.   The defendants pleaded the general issue with a special plea in which it was alleged that the revolver was fired to summon assistance and that by accident and without intent on the part of Stone the plaintiff was injured by a bullet glancing from the ground.

This plea was not an admission of the assault with matter of justification but was "matter of excuse [which] is an admission of the fact; but saying it was done accidentally, and without any default in the defendant; and that . . .   may be either pleaded or given in evidence on the general issue."   Bull. N. P. 17.  .The defendants not having pleaded *son assault demesne* could not set up self-defence.   *Wheeler* v. *Whitney*, 59 N. H. 197; *Jewett* v. *Goodall*, 19 N. H. 563.   Their evidence tended to support the plea they did file and they offered no evidence tending to prove self-defence.   There was evidence given by plaintiff's witnesses upon cross-examination which would have supported a plea of self-defence but it does not appear this evidence was relied upon as establishing non-liability. The defendants now deny that they defended upon that ground.  ·

. In this situation the issue for the jury was apparently simple. Did Stone shoot at the plaintiff as the plaintiff claimed or did he . discharge the revolver to summon assistance as the defendants claimed and, if the latter, was what he did a reasonable thing to do under the circumstances?   Although the action was trespass, Stone

would be liable in that form of action for the direct consequences of his act whether the resulting injury was intended or due to negligence. *Ricker* v. *Freeman,* 50 N. H. 420; *Dalton* v. *Favour,* 3 N. H. 465.

The plaintiff excepted to the submission of the issue of self-defence and to the failure to instruct the jury, as requested, that if they found Stone intentionally shot the plaintiff, liability was established. The jury were instructed as to the law of self-defence. They were told to consider what was apparently necessary for Stone to do to defend himself and that what they found reasonable for him to do would not constitute a wrongful assault and battery no matter what the consequences, even if death resulted.

Liability does not arise from an unintentional injury resulting from a lawful act where neither negligence nor folly is imputable to him who does the act. *Paxton* v. *Boyer,* 67 Ill. 132; s. c. 16 Am. Rep. 615; *Brown* v. *Kendall,* 6 Cush. 292; *Morris* v. *Platt,* 32 Conn. 75. Stone was not in fault when he was doing what he had a legal right to do. So far as the instructions relating to self-defence were intended to inform the jury as to what Stone might do without being in fault they were applicable to the case. But the submission to the jury of an issue not in the case is reversible error. *Benoit* v. *Perkins, ante,* 11; *Moody* v. *Perley,* 78 N. H. 17, 21. Whatever the purpose of the language it plainly tended to mislead the jury by directing their attention to an issue not open to the defendants and making decisive a fact to which the plaintiff had not been called upon to direct his evidence or argument. While the jury could not have found Stone was not liable under the instructions unless they thought shooting at the plaintiff was a reasonable thing to do, no issue had been made on that point. The defendants' contention was that discharging the revolver to summon assistance was reasonable. They conceded by their plea and the course of the trial that shooting at the plaintiff was unreasonable. The plaintiff failed to have a fair trial when the jury were permitted to find in favor of the defendants a fact which they had not put in issue but conceded to be as the plaintiff claimed. The plaintiff's request that the jury be instructed that if Stone fired at the plaintiff he was liable should have been given. The error cannot be found to have been cured by an examination of the entire charge. The only reference in the charge to the issue made by the parties is the statement after reference to the right of reasonable action whatever the consequences. "That may involve the determination of Mr. Stone's purpose in firing his re-

volver. Did he fire for the purpose of hitting the plaintiff or did he fire to get help?" The jury were not told that this on the pleadings and evidence was a vital question for their decision. If this statement was intended to place before the jury the issue actually made by the case it left them to choose between the applicable and inapplicable rules given them, "instead of placing the law fairly before them in a few plain, direct, and forcible instructions, which would aid them in coming to an intelligent decision." *Cohn* v. *Saidel*, 71 N. H. 558, 566. It is true the defence might have been placed on the ground of rightful intentional shooting of the plaintiff by Stone but since the defendants elected to stand upon absence of intent and the exercise of care the plaintiff was entitled to have the case determined on those issues. As the requested instruction ought to have been given as matter of law the presumption is that the error was not harmless. *McBride* v. *Huckins*, 76 N. H. 206, 211. As it does not appear the jury were not misled the error destroys the verdict.

The jury were instructed that upon all the issues the burden of proof, the risk of non-persuasion, was with the plaintiff. Upon the issues presented by the pleadings, the defendants' intent and claim of accident, the plaintiff apparently concedes the instruction to be correct. *Paxton* v. *Boyer*, 67 Ill. 132; s. c. 16 Am. Rep. 615; *Morris* v. *Platt*, 32 Conn. 75; *Brown* v. *Kendall*, 6 Cush. 292, 296. See Bull. N. P. 17, *supra;* 2 Gr. Ev. s. 85. But it is contended that upon a plea of *son assault demesne* not only the burden of proof in the sense of duty to offer evidence but also of the risk of non-persuasion is with the defendant. The authorities generally so hold. 5 C. J. 664; 4 Wig. Ev., s. 2485; *Ib. p.* 3523. The question has not been decided here although it is held that evidence in self-defence is inadmissible under the general issue. *Wheeler* v. *Whitney*, 59 N. H. 197; *Jewett* v. *Goodall*, 19 N. H. 563. Such plea admits the assault, the intentional interference with the plaintiff's person. Upon such admission the law presumes in the absence of evidence that the interference was unlawful. *Noyes* v. *Edgerly*, 71 N. H. 500, 502; *Perry* v. *Buss*, 15 N. H. 222, 224. Hence the burden is placed upon the one making such admission of offering evidence that the interference was lawful. Whether this burden in the sense of the risk of non-persuasion remains with the defendant throughout the case compelling him to make his contention the more probable, in view of our decisions as to the effect of so-called legal presumptions (*Lisbon* v. *Lyman*, 49 N. H. 553–554) and the general abandonment of the practice of shift-

ing the burden of proof by legal presumption (*Cohn* v. *Saidel*, 71 N. H. 558, 570; *McKeen* v. *Converse*, 68 N. H. 173; *Eastman* v. *Gould*, 63 N. H. 89; *Tenney* v. *Knowlton*, 60 N. H. 572; *Savings Bank* v. *Getchell*, 59 N. H. 281; *State* v. *Hodge*, 50 N. H. 510) is a question of much difficulty. It is not raised, however, by a case in which self-defence is not pleaded or claimed. It is not probable that on another trial the defendants will claim, as they did not in this, that the situation authorized intentional shooting at the plaintiff. The question therefore is properly left open for future consideration.

*Exception sustained: verdict set aside.*

PLUMMER, J., was absent: the others concurred.