Grafton, }
Oct. 5, 1915. }

### ALBIE L. MOODY *v.* ISAAC N. PERLEY & a.

Where, in an action to recover damages for being prevented from redeeming realty from foreclosure, a verdict for the plaintiff is supported solely by evidence of the defendants' fraud, a submission of the issue of unreasonable interference, under instructions which may have been understood to authorize a recovery against the defendants even if they acted honestly, furnishes ground for setting aside the verdict and ordering a new trial.

Where one party calls upon the other to testify, the question whether such witness may be cross-examined by his own counsel is one of procedure and is determinable by the trial court.

CASE, to recover damages for being prevented from redeeming certain premises in Enfield from mortgage foreclosure. The declaration contained two counts, the first alleging fraud in certain agreements relating to an assignment of the defendants' rights, and the second charging unlawful and fraudulent interference with the plaintiff's efforts to raise money with which to redeem. Trial by jury and verdict for the defendants Smith and Perley, and against the defendant Cooper. Transferred from the October term, 1913, of the superior court by *Peaslee*, J.

The defendants excepted to the denial of their motions for a nonsuit and a directed verdict, and to instructions submitting the issue of unreasonable interference upon the ground that there was no evidence to support that issue. The plaintiff called the defendant Cooper as a witness and excepted to his cross-examination by the defendants' counsel. The material parts of the evidence and instructions are stated in the opinion.

*Niles & Upton* and *George W. Stone* (*Mr. Upton* orally), for the plaintiff.

*Edgar W. Smith* and *Raymond U. Smith* (by brief and orally), for the defendants.

PARSONS, C. J. The defendants owned a mortgage upon certain property in Enfield which was in process of foreclosure. The plaintiff owned a subsequent mortgage upon the same property and desired to redeem. The grounds of action alleged were fraud in certain agreements for an assignment of the defendants' rights,

and fraudulent and unlawful interference with the plaintiff's efforts to borrow money from the Lebanon National Bank, which prevented his obtaining the necessary funds to redeem. There was a trial before a jury with a verdict for the defendants Smith and Perley, but against the defendant Cooper. The defendants seasonably excepted to the denial of their motions for a nonsuit and a directed verdict, and to instructions submitting the issue of unreasonable interference upon the ground that there was no evidence to support a verdict upon that issue. The defendants by their motions for a nonsuit and a directed verdict took the position that there was no evidence upon which a verdict could be sustained against them upon the ground of fraud in the agreements for an assignment, or of fraudulent or unlawful interference with the plaintiff's attempts to secure a loan of money. Their exception to the submission of the issue of unreasonable interference raises the question whether, the question of fraudulent conduct being decided in their favor or not found against them, there was evidence upon which their conduct could otherwise be found an unreasonable interference with the plaintiff's rights.

In substance, the jury were told that if the defendants acted honestly, were not guilty of fraud or deceit, still upon the evidence they might be found guilty of unreasonable interference. It was said: "The substantive wrong here charged is that the course pursued by these defendants toward the plaintiff in the matter of redeeming from their claims amounted to a fraud upon him, or at least to an unreasonable interference with his right to make a contract with the bank if the bank was willing to make a contract with him." And the questions for the jury were finally summed up: "So, then, you will determine according to these rules: First, were the defendants guilty of fraud upon the plaintiff, or were any of the defendants? Second, if not, did they unreasonably interfere with his right to borrow money wherever he could find any one to loan it to him?"

Although there was a verdict for Smith and Perley, the defendants' motions being made collectively in behalf of all three defendants, their exceptions must be overruled if there was evidence against any one of them. As there was no motion for a separate verdict or instructions as to Cooper, the questions presented by these exceptions are the same as they would be if the verdict had been against all three of the defendants. It is not seriously contended that there was not evidence that Smith and Perley fraudu-

lently induced the plaintiff to delay redemption when he had the means, by promising an assignment of their interests, and that Cooper misrepresented to the directors of the bank Moody's wishes as to the amount of the loan required by him, or that these facts do not constitute evidence of fraud. The exceptions to the denial of the motions for a nonsuit and a directed verdict are overruled.

The plaintiff's evidence was that shortly prior to the expiration of the time of redemption he went to the bank with Smith and Perley, secured from the bank the discount of a note for $3,340.22, which amount with other funds he had was sufficient for the redemption, and offered the amount to them; that upon their suggestion that others might come in to redeem, it was arranged to allow the matter to rest until the last day of redemption, when Smith and Perley agreed to come to the bank, assign their mortgage, and take the money; but that the bank subsequently withdrew the money, and the agreement was not carried out. Though the evidence perhaps raises the suspicion that, between the time of this arrangement at the bank in the presence of the assistant cashier (Hosford) and the final refusal of the bank directors to allow the loan, Smith and Perley may have done something to affect the final result, the case contains no evidence in support of such suspicion. On the contrary, it is negatived by the statements of Smith and Perley and of the bank directors who were inquired of on the subject. The jury would not have been warranted in finding Smith and Perley guilty of intermeddling upon mere suspicion. "The law demands proof and not mere surmises." *Dame* v. *Car Works,* 71 N. H. 407.

It appeared that Cooper was the cashier of the bank and an undisclosed partner with Smith and Perley in the ownership of the first mortgage, but that he left Lebanon for a fishing trip in Maine on May 17 and did not return until May 29, the time of redemption expiring on May 22. The evidence connecting Cooper with the transaction came from the plaintiff and Cooper. The plaintiff testified, in substance, that some time in March Cooper told him that the bank would loan him some money to help him in redeeming, and that his recollection was that he told Cooper he thought he would have about $4,000 and would want to borrow the rest. Cooper, whose evidence was corroborated by the directors and the assistant cashier, testified that before he went away he told them Moody had been in to see him and told him he had about $6,000 in cash and might want to borrow not exceeding $1,000 with a Mr. Currier's name, and that the loan would be all right. He also

testified that a few days before he (Cooper) went away, Moody came to him and told him he had $6,000 and would want to borrow substantially $1,000, and that there was no intimation that he wanted to borrow over $3,000. If the jury found that Cooper understood that the plaintiff would wish to borrow over $3,000 and intentionally misrepresented the fact to the directors of the bank for the purpose of prejudicing his attempt to borrow that amount, the plaintiff could recover upon the ground of misrepresentation and fraud.

The issue of unreasonable interference was submitted in the following language: "But if you find this charge of fraud is not ·made out, then you will come to the second claim the plaintiff has made, that of unreasonable interference with the plaintiff's right to contract with others as best he can, free from unreasonable intermeddling by other people. This is what is known as the right to the open market; that is, the right to buy and sell and to make contracts generally, free from unreasonable interference on the part of outsiders. In this case it was the right of the plaintiff to borrow money of the bank on the best terms he could, if at all; and so you will consider: Did these defendants, or any of them, unreasonably interfere with the plaintiff's attempt to raise money at that bank? Of course, if you find that none of them interfered at all, that would settle the case and your verdict must be for the defendants. But if they did interfere in the matter, you will determine whether their acts were reasonable or unreasonable."

The doctrine of the "open market" has arisen in cases where the interference with the making or continuance of contracts of employment has been claimed, generally in connection with labor ·strikes or the demands of labor unions. The only case in this state in which the subject has been considered is *Huskie* v. *Griffin*, 75 N. H. 345. In that case three phases of the question "how far· one may lawfully interfere to prevent the making of contracts between third parties" were said to be presented: "(1) when the interference is by fraud; (2) when it is without fraud or force (actually applied or reasonably apprehended), but promoted by a motive to injure the aggrieved party; (3) when it is unaccompained by what are ordinarily considered illegal acts or motives, and is induced solely by a desire of the defendant to promote his own welfare." *Ib.* 347. In that case it was held that there was evidence to go to the jury upon all three grounds; upon the ground of fraud because of the defendant's misrepresentation of the facts, with wrongful intent,

to the party with whom the plaintiff desired to do business. There was some evidence of such misrepresentation by Cooper, and, as already suggested, there was no error in submitting the question of fraudulent interference. This was the issue made by the pleadings and evidence. The instructions excepted to submitted the issue "beyond the issues of fraud and malicious injury" considered in the third and final division of the opinion in *Huskie* v. *Griffin, supra,* 349–353. There being, as already stated, no evidence of anything done by the other defendants tending to influence the action of the bank, the question is: Was there evidence in the case presenting this issue as against Cooper?

The mere fact that Cooper was an officer of the corporation with which the plaintiff wished to contract does not of itself establish that he may not have been a stranger to the proposed contract, nor would any relationship to the contract excuse him for misrepresentation or fraud. *McGurk* v. *Cronenwett,* 199 Mass. 457. But it is unnecessary to consider what action not fraudulent would in one in Cooper's position constitute an unreasonable interference with the attempt of a customer to borrow money of a bank. There is no evidence that he did anything "by appeal, persuasion, or threat" to prevent the loan. The evidence was that he was the officer of the bank largely entrusted with the making of loans. To consult with and report to the directors in reference to them was his duty. If he had made an arrangement with Moody for a loan, it was part of his duty to inform the bank officers remaining in charge when he left. A careful examination of the evidence fails to disclose any evidence raising any question of mere reasonableness in Cooper's conduct for decision by the jury. The claim in the plaintiff's last brief is that the verdict is sustainable upon the ground of Cooper's misrepresentation to the directors. A fraudulent interference is as matter of law unreasonable and presents no question of reasonableness for the jury. As said in *Huskie* v. *Griffin,* 75 N. H. 345, 351: "While the question to be settled is within the province of the jury, there are still legal propositions involved in the case. It must be determined whether there is anything for the jury to weigh—whether the evidence is not conclusive one way or the other upon the issue of reasonable conduct."

The error consisted in submitting to the jury the question of reasonableness when there was no such issue of fact in the case. It is suggested that Cooper did not disclose to the directors his interest in the first mortgage. If he had done so and had besought the

directors for that reason to refuse the loan, a question of fact as to reasonable conduct might have been presented. Knowledge of the cashier's interest would have been more apt to defeat than to promote the loan. Cooper's failure to throw this fact into the scale is not evidence of unreasonable conduct. His interest is immaterial except as it bears upon his good faith and credibility.

The difficulty is not removed by the suggestion that if Cooper's conduct was unreasonable as matter of law, he was not injured by instructions which permitted the jury to find it unreasonable in fact. The plaintiff made the issue of misrepresentation and fraud, and by that he must stand or fall in the absence of evidence presenting other ground of recovery. The case is confused by the contradictory claims of the plaintiff: (1) That he had obtained the money for the redemption which was prevented by the defendants' fraud, and (2) that because of the defendants' conduct he had not obtained it. Parts of the charge suggest an intention to limit the claim of fraud to the first ground. But considering the whole charge with the evidence, there seems a strong probability that the charge may have been understood to authorize a verdict against the defendants even if they were found to have acted honestly, and that therefore there may have been a mistrial. The probability of this result is enhanced by the apparently contradictory verdicts rendered. Whether the verdict should be set aside because of uncertainty is not decided. Although there was evidence to go to the jury, the verdict must be set aside because, subject to exception, one rule given to the jury for the decision of the case was inapplicable upon the evidence. While the jury could have found against Cooper on the ground of fraud, they were permitted to find against him if they merely found his conduct unreasonable. Other exceptions taken by the defendants have not been examined.

The plaintiff excepted to a ruling permitting the defendants' counsel to cross-examine the defendant Cooper, called as a witness by the plaintiff. If it was not the legal right of counsel to cross-examine Cooper, the plaintiff's witness, in behalf of Smith and Perley, against whom only the exception to such procedure is now urged, the exception to the order of the trial court permitting such procedure presents no question of law. *Gerrish* v. *Gerrish*, 63 N. H. 128; *Hunt* v. *Haven*, 56 N. H. 87, 104.

*Plaintiff's exception overruled: new trial granted to Cooper.*

PEASLEE, J., did not sit: the others concurred.