Grafton,    }
April 5, 1921. }

JOSEPH H. BARKER v. PUBLISHERS' PAPER COMPANY.

In trespass q. c. f., for a continued occupation of the plaintiff's premises by the operation of a lumber mill, the expense which the defendant would have incurred by moving the mill to another site during the operation is not an element of damages.

TRESPASS, q. c. f., being the same case heretofore reported in 78 N. H. 160, 571:    Subsequently to the last transfer of the case to this

court, the issue of damages was tried by the court with a verdict of $750.

Special findings were made at the request of the parties. The defendant occupied the *locus* for about four years and until it completed what sawing it did in that locality. If it had been obliged to move and reset its mill during that period it would have had to expend $5,000 on the operation. The plaintiff claimed this item, with interest from the time the mill was set up.

The plaintiff moved to set the verdict aside because it was contrary to the law and the evidence; because the damages were inadequate and the assessment inconsistent with the special findings; because the law was erroneously applied to the facts; because the court fell into a plain mistake in dealing with the question of fact, and because justice required a new trial. The motion was denied, subject to exception. Transferred from the January term, 1919, of the superior court by *Allen*, J.

*Branch & Branch* and *Taggart, Tuttle, Wyman & Starr* (*Mr. Frederick W. Branch* orally), for the plaintiff.

*Allen Hollis, Edgar W. Smith* (of Vermont) and *Joseph W. Worthen* (*Mr. Hollis* orally), for the defendant.

PEASLEE, J. The plaintiff's exception to the denial of his motion to set the verdict aside specifies several grounds. Some of them present questions which are not transferable to this court. Others which might raise questions of the sufficiency of the evidence to support the findings made cannot be considered because the evidence upon which the findings are predicated is not transferred. The claim that the general verdict is inconsistent with the special findings is the only question now open for consideration.

One claim made by the plaintiff was that the site occupied by the defendant was more advantageous than any other, so that the defendant saved several thousand dollars by its trespass. Assuming, as the plaintiff claims, that the sum so saved could be recovered if the alleged facts were proved, there was no error in disallowing this item in the present case. While savings were made in some respects, it was also found that in other respects the other sites were more desirable, so that the saving would have been offset if one of the other sites had been occupied. As it was found that the claim of special value in this site was not proved, that element drops out of the case.

It appeared that if the defendant had moved the mill during the progress of the operations it would have entailed an expense of $5,000, and the plaintiff argues that the defendant saved that sum by its continuing trespass and that therefore the plaintiff is entitled to recover it here.

One defect in this claim is that it seeks to build up property rights for the plaintiff on a basis of what the defendant had done. The plaintiff's land, in and of itself, was no more valuable for use by the defendant after the mill was erected than before that event occurred. It was the land plus the defendant's labor expended upon structures erected thereon that created the value. The $5,000 added worth came entirely from the defendant's setting up its mill. The mill in readiness for operation was worth more than the machinery and building materials would have been if lying by the roadside. This element never belonged to the plaintiff, and he is not entitled to recover anything for its use.

The substance of the plaintiff's claim is the same as that advanced in *Foote* v. *Merrill*, 54 N. H. 490. That was an action of trespass for breaking and entering the plaintiff's close and cutting and carrying away the plaintiff's trees. The plaintiff's damages were assessed by the jury upon the basis that he was entitled to recover the value added to the trees by the defendant's labor thereon. Although the court thought this might be the rule in an action for trover or trespass *de bonis*, it was held that it did not apply in a suit for trespass *quare clausum*. The conclusion is put upon two grounds: (1) that the wrong sued for was a continuous act and that the damages must be assessed accordingly, and (2) that the value added by the defendant's labor could not reasonably be treated as something which so far belonged to the plaintiff that he could recover for its loss.

The value of *Foote* v. *Merrill, supra*, as a precedent is much enhanced by *Beede* v. *Lamprey*, 64 N. H. 510. That was an action of trover to recover for the conversion of logs; and the suggestion in the earlier case that in such an action the value added by the defendant could be recovered is held to be unsound, and the conclusion is reached that it cannot be recovered in any form of action, if the trespass was not wilful. See also *Hitchcock* v. *Libby*, 70 N. H. 399.

These authorities are conclusive against the plaintiff. If it is true here that the defendant's continued trespass enabled it to save itself from loss it would otherwise have suffered because of an earlier part of its transgression, the same thing was true of the defendants in the cases cited above. Those cases are stronger for the plaintiffs therein

than is this one for the present plaintiff.    If, in those cases, the plaintiffs had retaken their logs, the plaintiffs would have gained and the defendants would have lost the value of the defendants' labor thereon. In this case, if the plaintiff had driven the defendant from the *locus,* the defendant would have suffered loss, but the plaintiff would not have made any corresponding gain.    "The extent of damages to be recovered must be measured and limited by the plaintiff's right, and not by the defendant's want of right."    *Rollins* v. *Blackden,* 112 Me. 459.

It was because of the fact that the plaintiff in *Foote* v. *Merrill, supra,* could, by retaking his property, get the benefit of the defendant's labor, that the court hesitated in concluding that the plaintiff could not recover that value in a trespass suit.    Take away the element of gain to the plaintiff (available in another way) and there was nothing left upon which to base an argument for the recovery of this element as damages.    As was pointed out later in *Beede* v. *Lamprey, supra,* this gain to the plaintiff is a mere incident to his right to retake his property.    Neither this, nor the loss which could thereby be inflicted upon the defendant, is an element the so-called loss of which to the plaintiff can be treated as recoverable damage in any form of action, if the element of wilfulness is lacking.

Whether the damage is computed upon the basis of loss to the plaintiff or of gain to the defendant, the result is the same as to this item.    The plaintiff's loss was not increased by the fact that the defendant avoided loss;  nor is such avoidance of loss a gain to the defendant which the plaintiff is entitled to treat as a part of the valuable use of his land which was appropriated by the defendant.

The suggestion in *Beede* v. *Lamprey, supra,* that the rule might be different in case of wilful trespass has no application here, for it is found that the defendant's trespass was not wilful.    It is therefore unnecessary to decide whether the damage claimed could be recovered if the wrong had been of that character.

*Exception overruled.*

All concurred.