Coös,
March 7, 1939. } No. 3025.

NELLIE NELSON *v.* NORTHUMBERLAND.

*Matthew J. Ryan* (by brief and orally), for the plaintiff.

*William Lehnert* and *Irving A. Hinkley* (*Mr. Hinkley* orally), for the defendant.

BRANCH, J. If a motion for a directed verdict for the defendant had been made at the close of the evidence it necessarily would have been granted. Under these circumstances it is not an occasion for surprise that the verdict for the plaintiff is found to be nugatory.

The jury was instructed as follows: "If this sewer was not at all times up to the bringing of this action sufficient to take care of the surface and sewerage water, if it was not, then the plaintiff is entitled to a verdict. If it was sufficient, that is the end of the case and the defendant should have a verdict."

"If it was not sufficient as originally constructed, or became insufficient and was so at the time the plaintiff's premises were invaded by sewerage and surface water, then you will decide whether that was what caused her premises to become invaded, or was it caused by the construction of her own sewer. For any defects in that she is alone responsible, and if it was that then your verdict should be

for the town. If hers was improperly constructed it is a defense of the town."

To this portion of the charge defendant excepted as follows: *"Mr. Hinkley:* The defendant excepts to the part of the Court's charge in which he stated that the plaintiff would be entitled to a verdict if the town sewer was not sufficient to take care of the sewerage and surface water. Our position is that that can only be true if the damage of the plaintiff was caused at a time when the inability to take care of the combination of the two caused the damage complained of." By this exception the defendant reiterated the contention which it had made repeatedly throughout the trial, that no causal connection had been shown between the alleged deficiencies in the defendant's sewer and the damage suffered by the plaintiff. This position appears to be well taken, and the foregoing exception must, therefore, be sustained.

The plaintiff's evidence tended to show that about the year 1925, she connected her house in the village of Groveton with the State Street line of the defendant's sewer system. This involved the laying of approximately 300 feet of 4 inch pipe across the plaintiff's land and a portion of the highway to a manhole at the end of the sewer on the above named street. The pitch of the plaintiff's pipe line was only one-eighth of an inch to the foot, which is the minimum established for sewers in the neighboring city of Berlin, and there was evidence that before the connection was made, the plaintiff was warned by one of the defendant's selectmen that a sewer pipe of such length and with such a slight pitch would cause trouble. During the winters of 1932-1933 and 1934-1935 the tenants of the plaintiff's house experienced trouble with the sewer, but in each instance it was found that the plaintiff's pipe was frozen between the house and the manhole and in no instance was the trouble attributable to the inadequacy of the defendant's sewer to care for the material which entered it. At no time could it be found that the plaintiff's premises were invaded by surface water coming from the defendant's sewer. In this state of the proof it was error to submit to the jury the question whether, "at the time the plaintiff's premises were invaded by sewerage and surface water" the insufficiency of the town sewer "was what caused her premises to become invaded." The case was thus made to depend upon the finding of a fact of which there was no evidence, as in *Benoit* v. *Perkins,* 79 N. H. 11, 18. It is well settled law that "the submission to the jury of an issue not in the case is reversible error." *Fortier* v. *Stone,* 79 N. H. 235, 239; *Benoit* v. *Perkins, supra; Moody* v. *Perley,* 78 N. H. 17, 21.

In regard to the question of damages, the court told the jury to take into account "what she paid for the original construction of the sewer and what she had to pay for the local sewer which she has since constructed for those premises only." The result of this instruction was not only to reimburse the plaintiff for the cost of her original installation, but to relieve her from the whole cost of providing for the sewage from her premises. It may be that the plaintiff's damages might be approximately measured either by the original cost of making the connection with the defendant's sewer or by the cost of constructing her private sewage disposal plant, but to allow a recovery upon both grounds would give her double damages. See *Barker* v. *Company*, 80 N. H. 118. The defendant's exception to this portion of the charge is therefore sustained.

The questions raised by the defendant's other exceptions are not likely to arise in the same form at another trial and have not, therefore, been considered.

*New trial.*

All concurred.