Nicholls v. Colwell.

## Estella Nicholls v. E. F. Colwell.

1. ASSAULT AND BATTERY—*when intent is material in civil action for.* In an action for assault and battery, if the act occasioning the injury is unlawful, the intent of the wrongdoer is immaterial; but where the party inflicting the injury is not a wrongdoer, but is doing an act not unlawful, and injury results to another, then the intent becomes material.

2. ASSAULT AND BATTERY—*when intent is not material in civil action for.* If the assault by the defendant was lawful but was accompanied by greater force than was justifiable under the circumstances, or was reckless or negligent, and the plaintiff was injured in consequence, the defendant is liable whether the injuries were wilfully inflicted or not.

3. ASSAULT AND BATTERY—*when, not ground for civil suit.* Where the assault complained of was a scuffle, invited, provoked or encouraged by the plaintiff and engaged in by her, the same cannot be deemed unlawful.

4. ASSAULT AND BATTERY—*when question as to nature of, should be submitted to jury.* Where the evidence is in conflict as to whether or not the conduct of the defendant was invited, encouraged or acquiesced in by the plaintiff and the subsequent struggle a mere friendly scuffle in which the plaintiff participated in a friendly and playful spirit, the question as to whether the assault was legal or illegal should be submitted to the jury to be determined as a question of fact.

5. PEREMPTORY INSTRUCTION—*when, should be denied.* Where the evidence with all the inferences properly to be drawn therefrom fairly tends to establish the plaintiff's cause of action, as set forth in the declaration, the court should decline to take the case from the jury either at the close of the plaintiff's evidence or at the close of all the evidence.

6. PEREMPTORY INSTRUCTION—*what may be considered by the court in determining the propriety of giving a.* In determining the propriety

of giving a peremptory instruction, the court is not authorized nor required to weigh the evidence or to determine where the preponderance lies.

Action of trespass for assault and battery. Error to the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed March 16, 1904.

J. E. SHARROCK and LYMAN G. GRUNDY, for plaintiff in error.

J. C. and W. B. McBRIDE, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in trespass, brought by plaintiff in error against defendant in error.

At the close of all the evidence the trial court instructed the jury to return a verdict of not guilty, and judgment was entered upon the verdict in response thereto, in bar of the action. The plaintiff thereupon sued out this writ of error.

The declaration charges, in substance, that the defendant assaulted the plaintiff and then and there violently seized and laid hold of her and with great force and violence grasped, held, crushed and bruised her hands, arms, shoulder and back, and partially dislocated her arm and shoulder, etc., whereby she was injured, etc. The defendant pleaded the general issue.

The evidence tends to disclose the following facts: Defendant in error was an unmarried man of the age of forty-five years, and engaged in teaching school. On the Sunday afternoon upon which the alleged assault occurred, he went to the home of the father of the plaintiff in error for the purpose of making a visit or call. During the course of his visit and while he was conversing with her mother, plaintiff in error, a girl of the age of eighteen years, and a former pupil of defendant in error, came into the room. Shortly thereafter defendant in error asked her to play upon the organ. She at first declined to do so, but upon

Nicholls v. Colwell.

all, upon proof that his conduct was unlawful, or that the injury was wilfully and intentionally inflicted.

There is no evidence in the record tending to prove that defendant in error intended any harm to plaintiff in error, or that the injury was wilfully inflicted. On the contrary, the evidence tends to show that his feelings toward plaintiff were, to say the least, of the most friendly character, and that the injuries, if any, sustained by her were accidental, and the result of his superior strength and the negligent and reckless manner in which he handled her during the scuffle. In our opinion the right of recovery in the case at bar turns upon the question as to whether the acts of laying his hands upon plaintiff in error and the use of force and violence toward her were unlawful or otherwise. If they were unlawful the question of intent to injure her was immaterial; and a right of recovery exists, and not otherwise. Defendant in error clearly had no right to use force toward plaintiff in error except with her consent or acquiescence. If he chose to scuffle or wrestle with her against her will, he is liable for any damages sustained without regard to his intentions. If, on the contrary, she invited, provoked or encouraged his acts and willingly engaged in the scuffle, the same cannot be considered as unlawful. In Hilliard on Torts, vol. 1, p. 183, it is said: "An action for assault and battery does not lie where an injury is done by unavoidable accident in the course of a friendly wrestling match or other lawful athletic sport, if not dangerous." Whether or not the conduct of defendant was invited, encouraged or acquiesced in by plaintiff, and the subsequent struggle was merely a friendly scuffle in which plaintiff participated willingly and in a friendly or playful spirit, as to which there is a clear conflict of evidence, was a question which should have been submitted to the jury for its determination, in view of the fact that there was evidence tending to prove the contrary. It was therefore error to give the peremptory instruction to find the defendant not guilty.

It now seems to be the well-settled rule in this state that

where the evidence with all the inferences properly to be drawn therefrom fairly tends to establish plaintiff's cause of action as set forth in the declaration, the court should decline to take the case from the jury either at the close of the plaintiff's evidence or at the close of all the evidence. Landgraf v. Kuh, 188 Ill. 484; C. & E. I. R. R. Co. v. Filler, 195 Ill. 9; R. R. Co. v. Schmelling, 197 Ill. 619. In determining the propriety ' of a peremptory instruction of this character, the court is not authorized nor required to weigh the evidence or to determine where the preponderance of evidence lies. Siddall v. Jansem, 168 Ill. 43; Rack v. C. C. Ry. Co., 173 Ill. 289; Offutt v. Columbian Exposition, 175 Ill. 473.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*