Elizabeth Hitzelberger, Defendant in Error, v. Samuel Kanter, Plaintiff in Error.

Gen. No. 17,610.

1. ASSAULT AND BATTERY—*where special finding is inconsistent with verdict.* In an action for damages for assault and battery, where it is shown that plaintiff, a child nine years old, was picking a piece of colored glass out of a window of defendant's saloon and that defendant in running after her stumbled and fell over her, the special finding of the jury that defendant did not intentionally hurt plaintiff is inconsistent with a verdict for plaintiff.

2. ARREST—*one committing a misdemeanor.* Where plaintiff, a child nine years old, was committing a misdemeanor in picking a piece of glass out of defendant's window, he had a right to arrest her without a warrant.

3. ASSAULT AND BATTERY—*when intent is material.* In an action for assault and battery, where the party inflicting the injury is no wrongdoer but is exercising a right or doing a lawful act and injury results to another, then the intent becomes material.

Error to the Municipal Court of Chicago; the HON. JOHN D. TURN-BAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed June 24, 1913.

LEWIS F. JACOBSON, for plaintiff in error.

BOLTON, MORIARTY & WILLIAMS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ of error brings up for review a judgment for damages for an alleged assault and battery.

Plaintiff, a child nine years old, was picking a piece of colored glass out of a window of defendant's saloon, and, when he approached her, she dropped it and ran away. He pursued her, and as he did so she fell and he stumbled over her. She testified that he kicked her. No other witness so testified. Two observers of the incident, plaintiff's witnesses, testified that she fell, one saying that he did not kick her and the other saying that she did not see him kick her. The child was bruised about her face by the fall and had a discolored spot on her body but not on her leg, where she claimed she was kicked. After she fell he picked her up. The little girl said he "jerked her up." Two other witnesses, children, used the same phrase; one explained it by saying that "he pulled her up" and the other by saying that "he reached down and picked her up on her feet." Defendant denied either that he kicked her or "jerked" her up.

The evidence tending to establish an assault was unsatisfactory. It rested mainly on the testimony of a child nine years old, given more than a year after the occurrence. In fact, the weight of the evidence was the other way.

The jury made a special finding. To the interrogatory, "Do you find from the preponderance or greater weight of the evidence that the defendant wilfully or intentionally kicked or hurt the plaintiff?" they answered, "No."

The little girl was committing a misdemeanor in the presence of defendant which gave him a right to arrest her without a warrant. Section 4, div. VI, Criminal Code. In trying to apprehend her, he was in the exercise of a legal right, and it does not appear from the evidence that he did so with a design to injure her. If he kicked or hurt her under such circumstances, the finding of the jury, that it was unintentional, made the special finding irreconcilable with the general verdict unless they believed he "jerked"

her. As to such finding the case is not different from *Paxton v. Boyer,* 67 Ill. 132. It was there held that where the party inflicting the injury is no wrongdoer, but is exercising a right or doing a lawful act, and injury results to another, then the intent becomes material. If, therefore, plaintiff relied on the alleged kick alone as constituting assault then the jury found the defendant was not in fault for the injuries suffered.

No special finding was requested as to whether the defendant "jerked" the plaintiff, but, as before stated, the evidence relating thereto was not sufficient to sustain a verdict. The evidence was insufficient to warrant a recovery and the judgment will be reversed.

*Reversed.*