## In Re Jacob H. Smyser.

## Lena Amborn, Appellee, v. Jacob H. Smyser, Appellant.

### Gen. No. 17,873.

1. ASSAULT AND BATTERY, § 1*—*what constitutes.* In an action for assault there must be a wrongful act done intentionally without just cause or excuse, and such an act is "malicious" in the statutory sense.

2. FALSE IMPRISONMENT, § 3*—*what is element of tort.* In an action for false imprisonment there must be a wrongful act done intentionally without just cause or excuse, and such an act is "malicious" in the statutory sense.

3. EXECUTION, § 279*—*when execution against the person is authorized.* Where a defendant was arrested a *capias ad satisfaciendum* issued on a judgment rendered in trespass for assault and false imprisonment, *held* that the dismissal of his petition for release from arrest was proper, malice being the gist of the action in which the judgment was rendered.

Appeal from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

GEETING, POTTS & VAN DELLEN, for appellant.

LOUIS LEVY, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In trespass for assault and false imprisonment brought by Lena Amborn against appellant, plaintiff had judgment for five thousand five hundred dollars. A *capias ad satisfaciendum* was issued on the judgment and defendant, appellant here, was arrested on the writ. He filed his petition in the County Court to be released from such arrest and tendered his schedule which the court refused to accept, dismissed his petition and defendant appealed.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

The decision turns on the question whether malice was the gist of the action in which the judgment was rendered.

"The intention to do harm is the essence of an assault." Greenleaf's Ev. sec. 33.

"In order to constitute false imprisonment there must be a detention and the detention must be unlawful." 3 Bl. Com. 127.

In *First Nat. Bank of Flora v. Burkett*, 101 Ill. 391, it is said (p. 394): "Malice  *  *  * in some cases implies a wrong inflicted on another with an evil intent or purpose, and this is the sense in which it is employed in this statute. It requires the intentional perpetration of an injury or wrong on another. The wrong and intention to commit the injury are necessary to deprive the party of the right to a discharge from arrest or imprisonment. In this case there was an intentional wrong, little, if anything, short of a criminal act, and it was malicious, in the statutory sense."

In *Re Murphy*, 109 Ill. 31, it was held that under the rule stated in the *Bank of Flora* case, *supra*, malice was the gist of an action for assault and battery, "within the sense of the word 'malice' as used in the statute."

We are unable to perceive any ground on which it can be held that malice is the gist of an action of assault and battery and not of an action for false imprisonment. In both actions there must be a wrongful act done intentionally without just cause or excuse, and such an act so done is malicious in the statutory sense.

The judgment is affirmed.

*Affirmed.*