### Nettie M. Land, Appellant, v. Leo D. Bachman, Appellee.

1. AUTOMOBILES AND GARAGES—*allegations as to unlawful as alleging wilful and wanton negligence.* In an action of trespass charging that defendant drove his automobile at an unreasonable speed and at a speed in excess of 20 miles an hour on a highway and greater than 6 miles an hour around a curve where the view was obstructed and thereby violently knocked plaintiff down and injured her, the allegations amounted to a charge of an unlawful beating of plaintiff as the result of the criminal or wanton and wilful negligence of defendant, to which allegations contributory negligence is no defense.

2. AUTOMOBILES AND GARAGES—*instruction as to intent to injure in action based on unlawful operation of automobile.* In an action of trespass in striking plaintiff by defendant with his automobile while driving at unreasonable and unlawful speed, the intention of defendant to injure plaintiff is not an essential element of the case and reference in several instructions to such intention as one of the factors in the case may have led the jury into thinking it was an essential element.

3. AUTOMOBILES AND GARAGES—*instruction assuming negligence on the part of plaintiff.* In an action of trespass for injuries received by plaintiff by defendant's automobile while she was riding with her husband in another car, an instruction to find for defendant if the jury believed the injury resulted solely from the negligence of plaintiff's husband was erroneous as assuming that plaintiff and her husband were negligent and merely submitting the question whether their negligence was the sole cause of the injury.

4. AUTOMOBILES AND GARAGES—*instruction as to duty of passenger in a vehicle in an action based on wilful and wanton negli-*

*gence.* In an action of trespass for injuries to plaintiff by defendant's automobile while he was driving at an unlawful speed, where plaintiff was riding in another automobile driven by her husband at the time of the injury, the question of the duty of a passenger riding in a vehicle was not involved and an instruction upon that question was not pertinent to the issue of whether defendant was guilty of wanton and wilful negligence.

5. AUTOMOBILES AND GARAGES—*effect of speed limitation in Motor Vehicle Act.* Section 10 of the Motor Vehicle Act (Cahill's Ill. St. ch. 95a, ¶ 23) makes the wilful driving of a vehicle at the prohibited rate unlawful, not merely prima facie evidence of negligence.

6. ASSAULT AND BATTERY—*effect of battery by criminal negligence.* Where a battery is the result of criminal negligence, the wrongdoer is guilty of assault and battery the same as if the battery was intentionally committed.

7. EVIDENCE—*testimony that defendant's automobile struck another as conclusion.* In an action of trespass in the striking of plaintiff by defendant's automobile, plaintiff's testimony that defendant's car struck the one in which she was riding was not a mere conclusion but was admissible as tending to prove a fact.

8. APPEAL AND ERROR—*effect of failure to include in bill of exceptions copy of plat excluded from evidence.* Where a copy of the plat of the locality involved does not appear in the bill of exceptions, the court will not pass upon the propriety of its exclusion from the evidence.

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed October 25, 1921.

DOBBINS & DOBBINS and W. THOMAS COLEMAN, for appellant.

GREEN & PALMER, for appellee; HENRY I. GREEN, WILLIAM G. PALMER and ORIS BARTH, of counsel.

PER CURIAM.

This is a case brought as an action of trespass and the declaration contains two counts. In the first count it is charged that the appellee on the 14th day of September, 1919, with force and arms assaulted the ap-

pellant; and with great force drove a certain automobile, which was then in charge of and under the control of the appellee, upon a public highway, within the corporate limits of the Village of Tolona, at a speed which was not reasonable and proper, having regard to the traffic and use of the highway, and at a speed exceeding 20 miles per hour, which was then and there an unlawful act; and in the doing of which the defendant drove said automobile upon the appellant, and thereby violently knocked the appellant down upon the ground whereby she received permanent injuries. The second count is in substantially the same form, except that it charges that the unlawful act which caused the injuries was the driving of appellee's car around a curve in a highway, in the Village of Tolona, at a greater rate of speed than 6 miles per hour, the view of the appellee at said curve being obstructed. The jury found the appellee not guilty and this appeal is prosecuted to reverse the judgment rendered upon the verdict.

Section 10 of the Motor Vehicle Act, ch. 121, Hurd's Rev. St. 1917 (Cahill's Ill. St. ch. 95a, ¶ 23), provides that no person driving a motor vehicle upon any public highway in this State at a speed greater than is reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb, or injure the property of any person, and if the rate of speed of any motor vehicle on any public highway outside the closely-built business and residence portions within any incorporated city, town or village exceeds 20 miles an hour, such rate of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb, or injure the property of any person. This section also provides that if the rate of speed of a motor vehicle operated upon a public highway, in

going around a corner or curve, where the operator's view of the road traffic is obstructed, exceeds 6 miles an hour, such rate of speed shall be prima facie evidence that the motor vehicle was running at a rate of speed greater than is reasonable, having regard to the traffic and the use of the way, so as to endanger the life or limb, or injure the property of any person. And section 18 of the act (Callaghan's 1917 St. ¶ 10018) provides for a fine of $200 for a wilful violation of the section referred to.

The allegations of the declaration amounted to a charge of an unlawful beating of appellant as the result of the criminal or wanton and wilful negligence of appellee, to which allegations contributory negligence is no defense. 6 C. J. 645. A number of instructions given on behalf of appellee injected elements into the case which were not properly involved under the issues. The 14th instruction, in effect, advised the jury that if the appellee did not drive his automobile at an unlawful rate of speed, and did not intentionally run into and injure the plaintiff, then the appellee should be found not guilty. The intention of the appellee under the issues was not an essential element in the case, but the fact that such intention to injure the plaintiff was referred to as one of the factors constituting the basis of the appellee's liability in several instructions may have misled the jury into thinking that this was an essential element in appellant's case. In the 22nd instruction, the jury were informed that before the appellee could be found guilty the appellant must prove that she was injured by reason of some intentional wrong done on the part of the appellee. In the 15th instruction the jury were told that if the evidence showed that the defendant was not guilty of any unlawful act (without however specifying the unlawful act) and that he did not intentionally injure the plaintiff, it would be their duty to find the appellee not guilty. The 17th instruction di-

rected the jury to find the appellee not guilty if they believed that the injury to the appellant resulted solely from the negligence of the appellant's husband, who was driving the car in which the appellant was riding. This instruction clearly assumes that the appellant's husband, as well as the appellant, were guilty of negligence, and merely submits to the jury the question whether such negligence was the sole cause of the injury, and is erroneous for that reason. The 20th instruction informed the jury that where a person is riding as a passenger in a vehicle which is being driven by another, it is the duty of such passenger, where he has the opportunity to learn of danger and avoid it, to warn the driver of the vehicle of such danger, and to use reasonable and prudent efforts to avoid the same; and that if they believed from the evidence that the appellant had had such opportunity to learn of the danger that existed in this case, and the means to avoid it, and failed to warn her husband of such danger, or failed to use reasonable or prudent efforts on her part to avoid the danger, and that by reason thereof a collision and injury to the plaintiff occurred, or if they believed from the evidence that the injury occurred by reason of the negligence of appellant's husband in driving the car, or from his driving the same at an unlawful rate of speed, then they should find the appellee not guilty. It is sufficient to say concerning this instruction that the question of the duty of a passenger in riding in a vehicle was not involved in this case, and that the instruction therefore was not pertinent to the issues tried, as to whether appellee was guilty of wanton and wilful negligence.

It is contended by counsel for the appellee, that section 10 of the Motor Vehicle Act does not make the driving of motor vehicles at a speed prohibited unlawful, but only prima facie evidence of negligence. It is apparent, however, that the statute makes the wilful

driving of a vehicle at the prohibited rate unlawful, and provides a penalty for so doing. *People v. Camberis*, 297 Ill. 455. In the case of *Paxton v. Boyer,* 67 Ill. 132, it was said: "It is said by appellee the rule is different in civil cases; that the motive intent or design of the wrongdoer towards the plaintiff is not the criterion as to the form of the remedy, for when the act occasioning the injury is unlawful, the intent of the wrongdoer is immaterial; but appellant here is no wrongdoer, as the jury have said by the special verdict. We do not deny the principle contended for by the appellee, that, where a tort is done, intention is no element to be considered." In *Shanley v. Wells,* 71 Ill. 78, which was an action of trespass for assault and battery committed by a policeman, the court said: "If the plaintiff was assaulted and beaten, or imprisoned, by the defendant, without authority of law, it cannot be doubted that he is entitled to recover, whatever may have been the defendant's motives." In *Schmitt v. Kurrus,* 234 Ill. 578, which also was an action of trespass for assault and battery, it was said: "Complaint is made that the defendant was not allowed to testify that he had no intention to assault or strike the plaintiff. He had already testified that he made no threat and did not offer to strike or harm the plaintiff in any way, shape or form, and that he did not assault or strike him and did not strike the glass door. If he did not assault or strike the plaintiff, as he testified, it necessarily follows that he had no intention to do so. If he did make the assault and broke the glass and drove a piece of it into the plaintiff's eye, it was immaterial what his intention or motive was." This court in the case of *Nicholls v. Colwell,* 113 Ill. App. 219, announced the same rule to be as follows: "We regard the rule as well established that in an action for assault and battery, if the act occasioning the injury is unlawful, the intention of the wrongdoer is immaterial." In *Kirton v. North Chi-*

*cago St. R. Co.*, 91 Ill. App. 554, it was held: "Any unlawful act committed with violence on the person of another is a trespass. One who does an unlawful act, or a lawful act in an unlawful manner, to the injury of another, is liable as a trespasser. In such case the person injured may be entiled to recover damages, whatever may have been the trespasser's motive. * * * If an unlawful act cause immediate injury, whether it be intentional or not, trespass lies."

A criminal offense consists in a violation of public law in the commission of which there shall be a union or joint operation of act and intention or criminal negligence. Where a battery is the result of criminal negligence, the wrongdoer is guilty of assault and battery the same as if the battery was intentionally committed. Section 280, ch. 38, Rev. St. Ill. (Cahill's Ill. St. ch. 38, ¶ 617).

Appellant testified on her direct examination that the appellee's car struck the one in which she was riding. On motion of counsel for the appellee this answer was stricken out, on the ground that it was evidence of a conclusion only, and not of a fact. The same ruling was made concerning the testimony of appellant's husband. We are of opinion that the answer stricken out tended to prove a fact, and was not therefore a mere conclusion. It would make no difference in making out a case of assault and battery that instrumentality was used in the assault and battery, whether it be a stone, or club, or bullet, or an automobile, if the instrumentality was directed toward and struck the party injured. And it was a fact susceptible of proof, concerning which the appellant had a right to testify, if it were a fact that the car in which she was riding was within her personal knowledge struck by the car driven by the appellee.

A plat of the locality where the assault took place was offered in evidence by the appellant and was objected to by the appellee on the ground that many

things were located thereon by the maker of the plat from hearsay, and that these things were matters in dispute between the parties. The court refused to admit .the plat in evidence. Inasmuch as a copy of the plat does not appear in the bill of exceptions, we are unable to properly consider this matter and therefore do not pass upon the propriety of this ruling of the court.

For the reasons herein set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*