## Maude Enochs, Defendant in Error, v. Richard Trevett, Plaintiff in Error.

1. PLEADING—*when special plea demurrable.* A special plea in a personal injuries case is demurrable where all material matters therein alleged amount merely to the general issue.

2. HIGHWAYS AND STREETS—*proof of unlawful operation of automobile as proof of wilful and wanton infliction of injury.* An automobilist is not shown to have wilfully and wantonly inflicted injuries upon a pedestrian by evidence that he was operating his automobile faster than the speed limit prescribed by the Motor Vehicle Act under the conditions shown and that he struck plaintiff while "cutting" a corner in violation of a city ordinance, where it does not appear that he was driving in a wantonly reckless manner or that the injuries inflicted were the direct, usual or natural and probable result of such unlawful driving.

3. HIGHWAYS AND STREETS—*pleading wilful and wanton injury from operation of motor vehicle.* A declaration in a personal injuries action which does not aver that defendant wilfully or wantonly injured the plaintiff, but charges ·that defendant wilfully violated certain speed limit provisions of the Motor Vehicle Act and a city ordinance against "cutting" corners, does not charge the commission of an act of wilful injury or an act of wanton recklessness upon which a general intention to injure can be legally predicated.

4. HIGHWAYS AND STREETS—*proof of unreasonable speed of automobile as proof of wilful infliction of injury.* It is erroneous to instruct the jury in a personal injury case, in effect, that if plaintiff proved that defendant wilfully and intentionally operated his automobile at a greater rate of speed than was reasonable and proper, having regard to the traffic and use of the street, such proof would be sufficient to show wilful or intentional injury to plaintiff, without further proof on that point, where the declaration did not charge or the evidence show that defendant wilfully and wantonly inflicted the injury complained of or that he drove his automobile in a wantonly reckless manner.

5. HIGHWAYS AND STREETS—*instruction assuming unlawful operation of automobile as proof of wilful injury erroneous.* Instructions assuming that proof that defendant wilfully violated the Motor Vehicle Act as to speed and a city ordinance against "cutting" corners was sufficient proof that the resulting injuries to plaintiff were wilfully and intentionally inflicted and that plaintiff would not be required to show that she was in the exercise of due care and caution for her own safety in order to recover damages are erroneous

where it was neither charged in the declaration nor proven that defendant wilfully and wantonly inflicted the injuries or that he drove his automobile in a wantonly reckless manner.

6. HIGHWAYS AND STREETS—*when instruction on assault and battery error in action for injuries inflicted by automobile.* It is error to apply the law applicable to assault and battery in an instruction in a personal injury action arising out of the striking of plaintiff by defendant's automobile while defendant was unlawfully operating it, where no recovery is sought on a charge of assault and battery.

Error by defendant to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed April 23, 1923.

GREEN & PALMER and LAWRENCE T. ALLEN, for plaintiff in error; HENRY I. GREEN and ORIS BARTH, of counsel.

DELBERT R. ENOCHS and O. B. DOBBINS, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

Maude Enochs, the defendant in error, who was plaintiff in the court below, instituted this action of trespass in the circuit court of Champaign county against the plaintiff in error, Richard Trevett, to recover damages for injuries which she sustained in coming in contact with the defendant's automobile in crossing Wright street, in the City of Champaign. The injuries are alleged to have been the result of a wilful violation of the Motor Vehicles Act, and a wilful violation also of an ordinance of the City of Champaign. The case was tried on the first, second and fifth counts of the declaration filed in the case, the third and fourth counts having been withdrawn. The first count alleges that the defendant "did wilfully and intentionally operate a motor vehicle, which said motor vehicle was then and there designed and used for the carrying of

Enochs v. Trevett, 229 Ill. App. 235.

not more than seven passengers, upon, along and across the intersection of Daniel street with Wright street in said City of Champaign, at a speed greater than was reasonable and proper, having regard to the traffic and use of the way, to wit, at the rate of ten miles per hour.'' The second count alleges that the defendant ''did drive a motor vehicle  *  *  *  upon, along and across the intersection of Wright street and Daniel street, in said City of Champaign, in the night-time, and while the vision of him, the said Richard Trevett, was obscured by rain and fog, and while said intersection was being used by persons traveling across the same on foot, at a speed of, to wit, ten miles an hour,  *  *  *  and which said driving of said car, at said rate of speed and under said conditions, was then and there wilfully and intentionally done by him.'' The fifth count alleges that the defendant ''did then and there intentionally and wilfully drive a vehicle, to wit, an automobile, in turning from Daniel street in said City of Champaign on to Wright street in said city, to the left, so that said vehicle did not pass to the right of, and beyond the center of the street intersection of said Wright and Daniel streets before turning, but on the contrary, that he, the said Richard Trevett, did drive his said vehicle and did turn said vehicle from Daniel street into Wright street in said City of Champaign, to the left on said day and date, and did turn to the left on to said Wright street from said Daniel street before the said vehicle had reached the center of said street intersection, and did pass to the left of the center of said street intersection.'' And that there was in force at that time an ordinance of the City of Champaign which provided that: ''A vehicle turning from one street into another street to the left shall pass to the right of and beyond the center of the street intersection before turning.'' And it is then averred in said count ''that said acts on the part of him, the said Richard Trevett, were then

and there wilfully and intentionally done, and were in violation of said ordinance.''

There was a trial of the case and the verdict of the jury found the defendant guilty and assessed the plaintiff's damages at $7,000. Judgment was rendered on the verdict. This writ of error is prosecuted to reverse the judgment.

Various errors are assigned. It is contended that the court erred in sustaining a demurrer to the special plea which is filed to the declaration. The plea in the material matters which were therein alleged amounted merely to the general issue, and the demurrer was properly sustained thereto. There is very little controversy concerning the main facts. The record discloses that the defendant Trevett on the 29th day of November, 1920, about nine o'clock in the evening, was driving his automobile, which was a Paige car, along Daniel street in the City of Champaign, for the purpose of taking a young lady student of the University, with whom he had attended the theatre, to her home. It was a dark rainy night, and the car was moving along on Daniel street at a rate of speed estimated by the young lady referred to, and the defendant, to be about ten to twelve miles an hour as they approached Wright street; and they testified that it did not exceed ten miles an hour when they reached the intersection of Daniel and Wright streets. When the car reached Wright street the defendant turned to the left into Wright street just at the time when the plaintiff was crossing Wright street, and the car came in contact with her and she was knocked down and thrown upon the pavement, and suffered severe injuries. The plaintiff, who was also a student at the University was on her way home when she was injured. Concerning the circumstances under which she was injured, she testifies as follows: ''That evening I had been working in the library schoolroom in the library building. * * * As I left the library building it was not rain-

ing very much.  *  *  *  I came out the back door and walked west around the side of the library building and then turned south on Wright street and was on the east side of Wright street. I went along the east side of Wright street to the intersection of Wright and Daniel. I noticed the street car tracks there at that intersection. I walked over there where they turn at Wright street and run into the campus. After I crossed the tracks I looked in all directions, south and west and north. I observed nothing to the south, there was a street car coming from the north, half way down the block. There was a car coming east on Daniel street. I observed the car just as I was crossing the tracks. I know where the gutter passes along the east side of Wright street. When I observed the car coming east on Daniel street I was even with the curb running along the east side of Wright street. The car was down towards the end of the first block on Daniel street, just off of Wright street. It was at the farthest end down toward the Sixth street intersection. It was coming along the first half of that block from Sixth street. I did not stop as I observed the car. I did not stop as I passed along there, I was walking all the time. After I observed the car I walked across the street. When the car struck me I was just in front of the walk. My right foot was on the cement gutter along the west side of Wright street, my right foot was on that, and I was stepping forward with my left foot. Had I been stepping forward with my right foot, I could have stepped right up on the walk. My left foot is artificial. I did not pay any more attention to the car after I started across the pavement.  *  *  * I was looking at the pavement and something made me glance up quickly just as I was stepping in the gutter in front of the walk. I glanced around and saw the car almost on me.  *  *  *  Just as I looked, just immediately the car struck me. It struck me with such force that I seemed to go headlong into the car, and

then went a way off and laid flat on my back on the pavement.''

The main controversy in this case raises a question of law, namely, whether a wilful violation of the statutory speed limit fixed by the Motor Vehicle Act, or a wilful violation of a city ordinance regulating the manner of turning vehicles at street intersections, which is alleged to have occasioned an injury, is sufficient proof that the injury was wilfully or wantonly inflicted. The facts proven do not justify the inference that the defendant wilfully, wantonly or intentionally injured the plaintiff, nor do they show that he ran his car in such a wantonly reckless manner as to justify the presumption of a general intention to injure. *Chicago, B. & Q. R. Co. v. Johnson,* 103 Ill. 512; *Chicago City Ry. Co. v. Jordan,* 215 Ill. 390; *Kalinski v. Williamson County Coal Co.,* 263 Ill. 257. It has been repeatedly held that the violation of the speed limit law fixed by statute or the violation of the provisions of a city ordinance regulating the driving of vehicles is not of itself proof of wilfulness in the infliction of an injury upon a person, though such violation be an unlawful act. *Illinois Cent. R. R. Co. v. Hetherington,* 83 Ill. 510; *Blanchard v. Lake Shore & M. S. Ry. Co.,* 126 Ill. 416; *Illinois Cent. R. Co. v. O'Connor,* 189 Ill. 559; *Pittsburg, C., C. & St. L. Ry. Co. v. Kinnare,* 203 Ill. 390; *Henning Brewing Co. v. Atchison, T. & S. F. Ry. Co.,* 150 Ill. App. 514. Nor is the injury inflicted regarded as constructively intentional unless it appears that it was the direct, usual or natural and probable result of such unlawful act, which in that case would be legally presumed to have been intended. 2 Ruling Case Law, sec. 5, p. 527. In other words, as stated in 5 Corpus Juris, p. 623: ''If defendant did an illegal or mischievous act, which was likely to prove injurious to another, he is answerable for the consequences which directly and naturally resulted from his conduct, even though he did not intend to do the particular injury which followed.'' And the declaration in

this case does not aver that the defendant wilfully or wantonly injured the plaintiff, but the only wilfulness charged has reference to the violation of the provisions of the Motor Vehicles Act regulating the speed of motor vehicles, and to the running of the car in violation of the provisions of the city ordinance regulating the turning of vehicles at street intersections, which does not in itself amount to a charge of committing an act of wilful injury or an act of wanton recklessness upon which a general intention to injure may be legally predicated. *Chicago City Ry. Co. v. Jordan, supra.* It is true that actual ill will is not a necessary element of wanton act. But to constitute a wanton act, "the party doing the act, or failing to act, must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness." *Jeneary v. Chicago & I. Traction Co.,* 306 Ill. 392.

Complaint is made that some of the instructions given for the plaintiff in the suit are erroneous. The first instruction given for the plaintiff, in effect, told the jury that if the plaintiff had proved that the defendant wilfully and intentionally operated his automobile at a greater rate of speed than was reasonable and proper, having regard to the traffic and the use of the way, such proof would be sufficient to show wilful or intentional injury to the plaintiff, and that no further proof was necessary on that point, and the second instruction is substantially to the same effect. The third instruction informed the jury that the wilful operation of the defendant's car in violation of the

provisions of the city ordinance of the City of Champaign regulating the turning of the car at the intersection of Wright and Daniel streets was sufficient proof of a wilful and intentional injury to the plaintiff, and that no other proof in that regard was necessary. The sixth instruction also assumes that proof of the wilful violation of the statutory speed limit resulting in injury to the plaintiff is sufficient proof to show a wilful and intentional injury to the plaintiff, and that if such proof had been made the plaintiff would not be required to show that she was in the exercise of due care and caution for her own safety in order to recover. In view of the requirements of the proof of wilful or wanton injury, which are clearly delineated and emphasized in the authorities cited, it is evident that the instructions referred to are erroneous. The fifth instruction for the plaintiff assumes that a charge of assault and battery is involved in the trial, and applies the law applicable to a case of assault and battery to the issues to be passed upon by the jury. Inasmuch as no charge of assault and battery was involved in the case, it is apparent that this instruction is erroneous. The same error appears in the ninth instruction. Counsel for defendant in error cite the case of *Land v. Bachman,* decided by this court (223 Ill. App. 473) as supporting their contention. It will be noticed, however, that the *Land* case was a case where the declaration was for assault and battery, and what was there said must be read as applying to a case where a recovery is sought on a charge of assault and battery. There is no such charge in the declaration in this case.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*