*Reversed and remanded.*

Dan O'Donnell, Defendant in Error, v. George Snyder, Plaintiff in Error.

Gen. No. 7,634.

1. EVIDENCE—*expert opinion evidence based on conjecture inadmissible.* It was reversible error, in a personal injuries action, to permit expert medical witnesses for the plaintiff to testify as to the probable and possible results from the injury where their testimony was based upon conjecture or mere possibility and not on reasonable certainty of future results.

2. HIGHWAYS AND STREETS—*when proof of due care by plaintiff requisite to recovery against wilful violator of Motor Vehicle Act.* In an action for damages for personal injuries suffered by plaintiff in a collision with an automobile driven by defendant, it was reversible error to give instructions at the request of plaintiff which ignored any element of due care on his part and the defense of contributory negligence and were in effect peremptory instructions to find for plaintiff if the jury found that defendant wilfully violated the Motor Vehicle Law, sec. 22, Cahill's Ill. St. ch. 95a, ¶ 23, where the declaration contained no allegation that plaintiff was in the exercise of due care for his own safety and charged defendant with a wilful violation of the Motor Vehicle Law, but did not charge him with assault or with intentional, wilful and wanton injury of plaintiff.

Error by defendant to the Circuit Court of Champaign county; the Hon. JAMES S. BALDWIN, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed January 10, 1924.

DOBBINS & DOBBINS, for plaintiff in error.

GREEN & PALMER, for defendant in error; HENRY I. GREEN and ORIS BARTH, of counsel.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

In this case a writ of error has been sued out of this court to review a judgment for $10,000 damages in favor of defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant, in an action for personal injuries sustained by plaintiff by reason of having been struck by an automobile driven by defendant.

Upon the trial, Drs. Finch and McKinney, expert witnesses for plaintiff, were permitted to testify as to probable and possible results from the injury. This was error.

In 17 Cyc. 226, it is said: "The judgment of an expert must be more than a guess. A tribunal that is called upon to decide a definite issue of fact by the use of the reasoning faculty cannot be aided where no mental certainty is shown by a witness. That a judgment is based upon conjecture shows that little or no aid can be given the jury on this point by witnesses, however skilled, and therefore evidence of it is rejected."

In Webster's International Dictionary the word "probable" is defined as follows: "Having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely." In *Chicago City Ry. Co. v. Henry,* 62 Ill. 142, it was said: "It is true, no one can determine with absolute certainty what the result of such an injury might be; but something more than mere conjecture, mere probabilities, should appear to warrant the giving of damages for future disabilities that may never be realized."

In *Lyons v. Chicago City Ry. Co.,* 258 Ill. 75, it was said: "While it is often difficult to draw the line between legitimate inferences and bare conjecture, only such inferences may be drawn as are rational and natural. (14 Encyc. of Evidence 99, and cases cited.)

Mere surmise or conjecture is never regarded as proof of a fact and the jury will not be allowed to base a verdict thereon. (14 Encyc. of Evidence 76, and cases cited.) No one is permitted to testify to what he has never learned, whether it be ordinary or scientific facts. (*Elliott v. Van Buren*, 33 Mich. 49.) If a witness has not sufficient and adequate means of knowledge his evidence should not be considered. (Starkie on Evidence, 10th Amer. ed. 172.) A surgeon may testify as to the nature of a wound and as to the effect or consequences which may be reasonably expected to happen,—not mere speculative or possible. (1 Wharton on Evidence, sec. 441; Jones on Evidence, 2d ed., sec. 378; 12 Amer. & Eng. Encyc. of Law, 2d ed., 447, and cases cited.) If it form a proper basis for recovery it is necessary that the consequences relied on must be reasonably certain to result. They cannot be purely speculative." In *Fellows-Kimbrough v. Chicago City Ry. Co.*, 272 Ill. 76, it was said: "Mere surmise or conjecture cannot be regarded as proof of an existing fact or of a future condition that will result. Expert witnesses can only testify or give their opinion as to future consequences that are shown to be reasonably certain to follow." To the same effect are *Amann v. Chicago Consol. Traction Co.*, 243 Ill. 263; *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244; *Elward v. Illinois Cent. R. Co.*, 161 Ill. App. 630; *Lisenbury v. St. Louis & S. Ry. Co.*, 184 Ill. App. 395; *Eilers v. Peoria Ry. Co.*, 200 Ill. App. 487.

We are of the opinion that the testimony of these experts fell far short of the reasonable certainty required by law.

At the instance of the plaintiff, the court gave to the jury several instructions ignoring any element of due care on the part of the plaintiff or defense of contributory negligence, and practically informed the jury that if the defendant wilfully violated the provisions of section 22 of the Motor Vehicle Law

[Cahill's Ill. St. ch. 95a, ¶ 23] and that plaintiff was injured as the result thereof, they should find the defendant guilty.

The declaration in the case consisted of three counts. Every count charged an injury done to the plaintiff by the defendant with force and arms while the defendant was committing an act in wilful violation of the Motor Vehicle Law. Neither count averred that the plaintiff was in the exercise of due care and caution for his own safety. The first count charged that the defendant was driving an automobile while in an intoxicated condition. The second count charged the defendant with driving an automobile at a rate of speed greater than was reasonable and proper having a regard to the traffic and use of the highway, and so as to endanger the life and limb of any person upon said highway. The third count charged both intoxication and driving at an unlawful rate of speed. Neither count charged the plaintiff was intentionally, wilfully or wantonly injured; and neither count charged that the defendant was guilty of an assault upon the plaintiff.

Plaintiff seeks to justify the giving of these instructions by what was said in *Land v. Bachman,* 223 Ill. App. 473. What was said in that case, however, is no justification for the giving of these instructions in this case. In the *Land* case the declaration charged defendant with an assault and battery upon plaintiff with an automobile, which is not the case here.

The Criminal Code of this State provides, sec. 20 [Cahill's Ill. St. ch. 38, ¶ 32]: "Assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on a person of another." Sec. 21 [Cahill's Ill. St. ch. 38, ¶ 33]: "Assault and battery is the unlawful beating of another." By sec. 280 [Cahill's Ill. St. ch. 38, ¶ 617] it is provided that "a criminal offense consists in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negli-

gence." In the *Land* case it was contended that if the
defendant did not intentionally run into and injure
the plaintiff, then the defendant should be found not
guilty, and this court held after a résumé of the au-
thorities upon the question that the allegations of the
declaration amounted to a charge of an unlawful beat-
ing of plaintiff as the result of the criminal or wanton
and wilful negligence of the defendant and that where
battery is the result of criminal negligence the wrong-
doer is guilty of assault and battery, the same as if
the battery was intentionally committed and that in
such event contributory negligence was no defense.

In the case of *Enochs v. Trevett,* 229 Ill. App. 235,
Third District, we said: "The main controversy in
this case raises a question of law, namely, whether a
wilful violation of the statutory speed limit fixed by
the Motor Vehicle Act, or a wilful violation of a city
ordinance regulating the manner of turning vehicles
at street intersections, which is alleged to have occa-
sioned an injury, is sufficient proof that the injury was
wilfully or wantonly inflicted. * * * It has been
repeatedly held that the violation of the speed limit
law fixed by statute or the violation of the provisions
of a city ordinance regulating the driving of vehicles
is not of itself proof of wilfulness in the infliction of
an injury upon a person, though such violation be an
unlawful act. (*Illinois Cent. R. Co. v. Hetherington,*
83 Ill. 510; *Blanchard v. Lake Shore & M. S. Ry. Co.,*
126 Ill. 416; *Illinois Cent. R. Co. v. O'Connor,* 189 Ill.
559; *Pittsburgh, C., C. & St. L. Ry. Co. v. Kinnare,*
203 Ill. 390; *Henning Brewing Co. v. Atchison, T. & S.
F. Ry. Co.,* 150 Ill. App. 514.)" What was said in the
*Enochs* case applies with equal force to the present
case.

A plaintiff can recover only upon the case stated in
his declaration, even though the evidence might show
a liability had the declaration been differently drawn.
In the present case the declaration not having alleged
a wilful or wanton injury of the plaintiff and not hav-

ing alleged an assault and battery, but only alleged wilful violation of the Motor Vehicle Law with the resultant injury to plaintiff, it was necessary that plaintiff should prove and that the jury should find that at and just prior to the happening of the accident the plaintiff was in the exercise of ordinary care for his own safety. The instructions in question, having directed a verdict and having entirely disregarded the question of ordinary care on the part of the plaintiff for his own safety, were erroneous and the judgment must be reversed for the giving of such instructions and on account of the admission of the evidence of the expert witnesses, to which we have heretofore referred.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*